IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § | |
| | § | CIVIL ACTION NO. |
| v. | § § | |
| LAWN MANAGEMENT COMPANY, INC., | § | COMPLAINT |
| | § § | JURY TRIAL DEMANDED |
| Defendant. | § | |
| | § | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race, and to provide appropriate relief to Ronald Williams and other African American actual and deterred applicants who were adversely affected by such practices, and thereby deprived of employment by Defendant Lawn Management and to compel Defendant Lawn Management to timely file EEO-1 Reports whenever compelled to so by the regulations. As alleged with greater particularity below, Lawn Management Company, Inc. (hereafter "Lawn Management" or "Defendant"), discriminates against African American applicants and other non Hispanic applicants for employment by unlawfully constraining hiring to those potential employees that only speak Spanish.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) and 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1)

and (3) and § 2000e-6 and e-7 and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Texas.

<u>PARTIES</u>

3.      Plaintiff, the Equal Employment Opportunity Commission ("Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) and 707 of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and -6.

4.      At all relevant times, Defendant, Lawn Management Company, Inc. ("Lawn Management"), has continuously been a Texas corporation doing business in Houston, TX, and has continuously had at least 50 employees.

5.      At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

<u>STATEMENT OF CLAIMS</u>

11.      More than thirty days prior to the institution of this lawsuit, Ronald Williams filed a charge with the Commission alleging violations of Title VII by Defendant Lawn Management. All conditions precedent to the institution of this lawsuit have been fulfilled.

12.      Since at least May 2006, Defendant Lawn Management has engaged in unlawful employment practices at their operations in Houston, TX, in violation of 703(a)(1) - (a)(2), 703(k), 707, and 709(c) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1) - (2), 2000e-2(k), 2000e-6, and

2000e-8(c).  The effect of these unlawful employment practices has been to discriminate against African Americans in the following manner:

      a.      failing to recruit and hire qualified African Americans – due to their race – for lawn maintenance positions within the company;

      b.      utilizing a policy and practice of requiring that all employees speak Spanish as a prerequisite of employment.  The Spanish requirement is not job-related for the positions in question, nor is it consistent with a business necessity.

      c.      failing to hire qualified bilingual applicants that were not Hispanic.

13.    In requiring Spanish speakers, Lawn Management maintains an employment policy that has an adverse impact on applicants who are  African-American, as there will be a statistically significant shortfall of qualified African American lawn maintenance workers seeking those job opportunities in the metro Houston area.

14.    The effect of the practice(s) complained of in paragraphs 12 - 13 above has been to deprive Ronald Williams and other African American actual and deterred applicants of equal employment opportunities and otherwise adversely affect their status as applicants for employment, because of their race. These practices also have an adverse impact on other non-Hispanic applicants.

15.    Since at least 2005, Defendant Lawn Management has failed on some occasions, in violation of Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), to make and preserve records relevant to the determination of whether unlawful employment practices have been or are being committed.

16.    The unlawful employment practices complained of in paragraphs 12 - 14 above

were and are intentional.

17.     The unlawful employment practices complained of in paragraphs 12 - 14 above were and are done with malice or with reckless indifference to the federally protected rights of African Americans.

<u>PRAYER FOR RELIEF</u>

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant Lawn Management, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in discriminatory hiring or any other employment practice which discriminates on the basis of race.

B.     Order Defendant Land Management to institute and carry out policies, practices, and programs which provide equal employment opportunities for African Americans and other non Hispanic applicants, and which eradicate the effects of its past and present unlawful employment practices which have an adverse impact on African Americans and other non Hispanic applicants.

C.     Order Defendant Land Management to make whole Ronald Williams and other African American actual and deterred applicants for work with Defendant Lawn Management, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to hiring of affected individuals, or in the alternative provide appropriate front pay.

F.     Order Defendant Land Management to make and preserve all records, in accordance with the provisions of Section 709(c) of Title VII of the Civil Rights Act of 1964, 42

U.S.C. § 2000e-8(c), relevant to the determination of whether unlawful employment practices have been or are being committed.

      G.      Order Defendant Land Management to make whole Ronald Williams and other African American actual and deterred applicants for work with Defendant Lawn Management, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 12 - 14 above, in amounts to be determined at trial.

      H.      Order Defendant Land Management to make whole Ronald Williams and other African American actual and deterred applicants for work with Defendant Lawn Management, by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 12 - 14 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

      I.      Order Defendant Land Management to pay aggrieved individuals punitive damages for its malicious and reckless conduct described in paragraphs 12 - 14 above, in amounts to be determined at trial.

      J.      Grant such further relief as the Court deems necessary and proper in the public interest.

      K.      Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully Submitted,

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

RONALD S. COOPER

General Counsel
JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
1801 L. Street, N.W.
Washington, D.C. 20507


ATTORNEY FOR PLAINTIFF



By: /s/ Rose Adewale-Mendes
      Rose Adewale-Mendes
      Attorney-in-Charge
      Ohio Bar No. 0024652
      Federal ID No. 10541

EQUAL EMPLOYMENT OPPORTUNITY
                COMMISSION
Houston District Office
 1919 Smith Street, 7th Floor
 Houston, Texas 77002-8049
 Tel: (713) 209-3404
 Fax: (713) 209-3402


OF COUNSEL
Jim Sacher
Regional Attorney
Houston District Office
1919 Smith, 6th Floor
Houston, Texas 77002
Tel:  (713) 209-3398
Fax:  (713) 209 3402